Harold JONES, Plaintiff in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. A–13013.

Court of Criminal Appeals of Oklahoma.

Sept. 13, 1961.

Wesley R. McClanahan, Enid, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

NIX, Presiding Judge.

Plaintiff in Error, Harold Jones, hereinafter referred to as the defendant, was charged by information in the District Court of Garfield County with the crime of forgery after a former conviction. He was tried before a jury who found the defendant guilty and assessed his punishment at 10 years in the state penitentiary and he appeals.

The record reveals that on the 29th of September 1959, the defendant, Harold Jones, entered Montgomery Wards store in the city of Enid, Oklahoma. He approached clerk Leslie Boyer, purchased a hat and gave to the salesman a check made payable, according to Boyer, to the Everett Clothing Company. To your writer the name is illegible. The check was in the amount of $15.75. The check was not signed in the customary place for the payor, but on the left and bottom of the check where there appears the printed words "For ———" was the name of E. M. Davis. The check was taken by the clerk without any endorsement whatsoever appearing on the back of said check. Boyer testified he forgot to have defendant endorse the check. Neither was it endorsed by Everett Clothing Company or any other signature. Boyer testified that after this was called to his attention and the check returned from the bank marked "No Account", he went in search of defendant and two days later saw him on the street. Defendant then endorsed the check in an illegible·manner but appearing to be Fran Jabone. Boyer made

inquiry of the defendant if he now had money in the bank that the check had been returned. Defendant replied "No". Boyer told defendant he would tear the check up if defendant would bring the money to the store.

The manager of the store testified the check was sent through proper channels to the bank. The bank called and he took the cash and recovered the check. This constituted the testimony as to the alleged crime.

■ The charging part of the information upon which defendant was tried read as follows:

"* * * that the said Harold Jones, having been previously convicted did thereafter commit the crime of forgery in that the said Harold Jones * * * did then and there unlawfully, wilfully, wrongfully, and feloniously sell, exchange, and deliver to Montgomery Wards * * * for the consideration of the sum of $15.75 in good and lawful money of the United States of America, a certain forged and counterfeited instrument, to-wit: a check * * the said Harold Jones then and there, knowing the same to be false, forged and counterfeited the signature of the said E. M. Davis, upon said check, was not a true and genuine signature of the said E. M. Davis but was false and fictitious which the said Harold· Jones then and there well knew, the said signature of the said E. M. Davis having been unlawfully, wilfully, fraudulently and feloniously forged on said check by the said Harold Jones, but the said Harold Jones did then and there unlawfully, knowingly, wilfully, fraudulently and feloniously sell, exchange, deliver, utter and pass said forged and counterfeited instrument as aforesaid, with the unlawful, fraudulent and felonious intent then and there upon the part of the said Harold Jones to beat, cheat, and defraud * * *".

It is readily observed that the proof fell far short of proving the allegation of the information. The record was completely void of any testimony that E. M. Davis was a fictitious character and did not exist. There was no testimony that if E. M. Davis did exist he did not sign the check. There was no evidence that defendant signed the name E. M. Davis; nor was there any testimony to prove defendant's handwriting as revealed by his endorsement, compared to that which appeared on the face of the check. Defendant passed the check in exchange for merchandise and some money. There is no question as to the element of the crime, but whether the check was forged, bogus or written on the wrong bank, the evidence does not show. The Supreme Court of Idaho in the case of State v. Miles, 22 Idaho 166, 124 P. 786, 788, states:

"We do not think it can be laid down as a rule of law that the uttering and publishing as true of a commercial instrument, with the name of the payee forged thereon, raises a presumption that the person uttering and publishing is guilty of forging the endorsement. On a charge of the forgery of the name the uttering and publishing are circumstances to be considered by the jury, with any other evidence bearing on the question of the forgery. * *"

The Court further said:

"We have no doubt but that a jury would be authorized and justified in considering the fact that the defendant cashed the check which contained the forged endorsement thereon is a circumstance against the defendant, but it would not be sufficient on which to rest a verdict of conviction."

Taking all of the state's testimony in the instant case as true and admitted, it still is not sufficient to prove defendant guilty as charged. There is no proof of forgery whatsoever. The defendant is either guilty or not guilty. If guilty it should not be difficult for the state to gather sufficient facts and circumstances to prove his guilt. If E. M. Davis is a fictitious person, surely prominent and long-time residents could

testify as to that. If there is an E. M. Davis surely he could deny his signature. The endorsement on the check was signed by defendant in the presence of Mr. Boyer. Surely a handwriting expert could testify as to any comparison.

■ Those who cheat, steal, or defraud others are detriments to society and should not escape harsh punishment, but men cannot be deprived of their liberty upon surmise and conjecture. The state's case is flagrantly incomplete and a demurrer should have been sustained. The judgment and sentence of the lower court is therefore reversed and the case is remanded for a new trial where additional proof may be obtained. Due to the illegible instrument involved and its questionable efficacy, it may be well to explore Title 21 O.S.A. § 1542 "Obtaining property or signature under false pretenses."

BRETT and BUSSEY, JJ., concur.